AO 245B (Rev 8/96) Sheet 1- Judgment in a Criminal Case

# United States District Court

Eastern District of Missouri

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v | (For Offenses Committed On or After November 1, 1987) |
| KURT DICKHAUS | Case Number: 4:02CR218RWS |
| | Joel J. Schwartz |
| | Defendant's Attorney |

**FILED**
JUL 26 2002
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| Title 21, Section 841(a)(1) and 841(b)(1)(C) | The defendant did knowingly possess with intent to distribute methylenedoxymethamphetamine (MDMA). | April 2000 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendants Soc. Sec. No.: 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 | July 26, 2002 |
| Defendant's Date of Birth: 5/8/78 | Date of Imposition of Judgment |
| Defendant's USM No : 26345-044 | |
| Defendant's Residence Address: | |
| 103 A Waller Avenue | Signature of Judicial Officer |
| St. Louis, MO 63125 | |
| | RODNEY W. SIPPEL |
| | UNITED STATES DISTRICT JUDGE |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| Same As Above | |
| | July 26, 2002 |
| | Date |

Record No.: 73

Judgment-Page __2__ of __4__

DEFENDANT: KURT DICKHAUS

CASE NUMBER: 4:02CR218RWS

## PROBATION

The defendant is hereby placed on probation for a term of   3 years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

> If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KURT DICKHAUS

CASE NUMBER: 4:02CR218RWS

# ADDITIONAL PROBATION TERMS

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on probation and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall participate in the Home Confinement Program for a period of five months. During this time, the defendant will remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant will maintain a telephone at his place of residence without call forwarding, modem, caller ID, call waiting, portable cordless telephones, answering machines/service, or any feature or service which would interfere with the operation of the electronic monitoring equipment for the above period. As instructed by the probation officer, the defendant shall wear an electronic monitoring device, which may include a Global Positioning System and/or Random Tracking, and follow the electronic monitoring procedures specified by the probation officer. The defendant shall pay for all cost of electronic monitoring, as directed by the U.S. Probation Officer.

3. The defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a comprehensive sanctions center, or in-patient treatment in a treatment center or hospital.

4. The defendant shall complete 180 hours of community service. The Court strongly recommends that the defendant participate in the D.A.R.E. program speaking to children in schools.

Judgment-Page __4__ of __4__

DEFENDANT: KURT DICKHAUS
CASE NUMBER: 4:02CR218RWS

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Count 1 | $100.00 |  |  |
|  | due immediately |  |  |
|  |  |  |  |
| Totals: | $100.00 |  |  |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| Totals: |  |  |  |

* Findings for the total amount of losses are required under Chapters 1 09A, 1 10, 1 1OA, and 11 3A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING


AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 07/29/02 by clippold
        4:02cr218    USA vs Dickhaus


COPIES FAXED AND/OR MAILED TO THE PARTIES LISTED BELOW AND THE
UNITED STATES PROBATION OFFICE AND UNITED STATES PRETRIAL SERVICE OFFICE.
IF THIS IS A JUDGMENT IN A CRIMINAL CASE SEND CERTIFIED COPIES TO THE
FOLLOWING:    4 Certified Copies to USM
              2 Certified Copies to USP
              1 Copy to Financial
              1 Copy to O.S.U.

Joel Schwartz  -  18652         Fax: 314-862-8050
Julia Wright   -                Fax: 314-539-7695


SCANNED & FAXED BY:

JUL 29 2002

GNB